UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JUSTICE,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendants. | Case No. 18-cv-05852-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Docket No. 32 |

  Plaintiff Melvin Justice, Jr., proceeding pro se, has filed a § 1983 action against the City and County of San Francisco ("City" or "San Francisco"), the San Francisco Police Department ("SFPD"), and various police officers employed by the SFPD. According to Mr. Justice, on or about September 22, 2016, certain police officers, *inter alia*, unlawfully detained him, unlawfully administered a field sobriety test, subjected him to cruel and unusual punishment, physically assaulted him, coerced him into a blood draw, and/or used excessive force on him.

  An initial case management conference was held in this case in November 2019, at which only Mr. Justice and the City made an appearance. *See* Docket No. 30 (minutes). At the conference, the City explained that there was an ongoing state criminal action against Mr. Justice based on the events from September 22, 2016. The City also stated that a trial in the state criminal action was due to go forward in December 2019 and represented that there were "overlapping issues" between the state criminal action and the instant action. Docket No. 30. The Court therefore stayed proceedings in the case at bar until the next status conference (set for January 30, 2020). *See* Docket No. 30 (adding that "Plaintiff's legal representation, exchange of Initial Disclosures, and service of process are to be dismissed at next conference").

Currently pending before the Court is the City's motion to stay. The City now seeks "a complete stay of the case," including but not limited to discovery, pending completion of the state court criminal proceedings. Mot. at 2. The City has made this request because the trial in the state criminal action has now been continued to February 10, 2020. *See* Def.'s RJN, Ex. B (docket sheet).

The Court hereby **GRANTS** the City's motion to stay. As an initial matter, the Court notes that Mr. Justice did not file an opposition to the motion. The Court further finds that a stay is warranted under *Wallace v. Kato*, 549 U.S. 384 (2007), and *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). *See, e.g.*, *Wallace*, 549 U.S. at 393-94 (stating that, "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *Keating*, 45 F.3d at 324-25 (stating that "[t]he decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,'" which "means the decisionmaker should consider 'the extent to which the defendant's fifth amendment rights are implicated'" and further should consider factors such as "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources," etc.).

As noted above, Mr. Justice's claims in the instant case include claims that the police officers unlawfully detained him and used excessive force against him. These issues will likely be addressed in the state criminal proceedings against Mr. Justice where the charges include, *inter alia*, reckless driving, driving under the influence, and resisting or obstructing a police officer. *See, e.g.*, *Martinez v. Cty. of Santa Clara*, No. 16-CV-05626-LHK, 2017 U.S. Dist. LEXIS 76155, at *9 (N.D. Cal. May 18, 2017) (holding that a stay was warranted under *Wallace* because "whether or not the officers wrongfully used excessive force depends at least partly on whether

Plaintiff grabbed [officer] Jacquez and how long Plaintiff continued to hold on to Jacquez, a factual issue that will be addressed in the criminal proceedings"; also, the state criminal action included a charge of battery on officer Jacquez, which "requires a showing that 'the custodial officer was acting within the scope of his or her duties'" and "[t]he determination whether Jacquez was acting within the scope of his duties will be relevant to whether Jacquez used excessive force against Plaintiff").

Accordingly, the City's motion to stay is granted, and the hearing on the motion is thereby **VACATED**. Proceedings in this case are stayed pending completion of the trial in the state criminal case against Mr. Justice.

The Court also **VACATES** the further status conference set for January 30, 2020, and continues the matter to **February 27, 2020, at 10:30 a.m.** The parties shall file a joint status conference statement by **February 20, 2020**.

This order disposes of Docket No. 32.

**IT IS SO ORDERED**.

Dated: January 6, 2020

_____
EDWARD M. CHEN
United States District Judge

3